IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JESUS MEJIA,                              :
                                          :
          Petitioner                      :
                                          :
     v.                                   :     CIVIL NO. 4:CV-13-236
                                          :
MONICA RECKTENWALD,                       :     (Judge Brann)
                                          :
          Respondent                      :


## **MEMORANDUM**

May 16, 2014

## **Background**

Jesus Mejia filed this petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 while previously confined at the Allenwood Federal Correctional

Institute, White Deer, Pennsylvania (FCI-Allenwood).[1]  Named as Respondent is

FCI-Allenwood Warden Monica Recktenwald.  Service of the petition was

previously ordered.

Petitioner states that he is presently serving a 270 month sentence which

was imposed by the United States District Court for the Northern District of

---

[1]  Petitioner is presently incarcerated at the Victorville Federal Correctional
Institution, Adelanto, California (FCI-Victorville).  See Doc. 12.

1

Florida.[2]  Mejia's pending action does not challenge the legality of his criminal

conviction or the resulting sentence.   Rather, Petitioner seeks relief with respect to

an institutional disciplinary hearing.

Petitioner states that while housed at the Allenwood Low Security

Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood)  on January

28, 2012, prison officials conducting an "area search" confiscated "a small amount

of marijuana and drug paraphernalia."  Doc. 1, ¶ 11.  As a result of that seizure,

Mejia and fellow prisoner Anthony Bissacco were issued written incident reports

and placed in the prison's Special Housing Unit (SHU).  See id.

According to the Petition, on February 8, 2013, Mejia had a hearing on the

misconduct charge before a Disciplinary Hearing Officer (DHO).  During this

proceeding, Petitioner submitted a written affidavit from Bissacco "which fully

exonerated Petitioner."  Id. at ¶ 15.  Inmate Bissacco also gave oral testimony

admitting to sole ownership of the seized contraband.   Despite that evidence, the

DHO found Mejia guilty and imposed multiple sanctions against him including a

forty (40) day loss of good time credit.  Petitioner's pending action claims

entitlement to federal habeas corpus relief on the basis that there was no evidence

---

[2]  Petitioner states that he was convicted of drug related charges.  According to
Respondent, Mejia and has a projected release date of March 7, 2015 via good
conduct time release.

to support the DHO's finding of guilt.

According to the Respondent, on the morning of January 28, 2012, a correctional officer was making housing unit rounds when he observed Mejia and Bissacco attempting to ignite a piece of toilet paper with a sparking device.[3]  See Doc. 8, p. 2.  The correctional officer subsequently saw and confiscated a homemade pipe sitting on the desk in the housing cube occupied by the two prisoners.  The pipe contained a green leafy substance which later field tested positive for marijuana.  As a result, Mejia was issued an institutional misconduct which charged him with possession of marijuana or related paraphernalia.  The Unit Discipline Committee (UDC) referred the charge to the DHO for further proceedings.

During the ensuing misconduct hearing, the Petitioner made a statement, submitted documentary evidence, and also presented the testimony of Inmate Bissacco.  Upon consideration of Mejia's verbal and written statements, Bissacco's testimony and statement, the reporting officer's incident report, and a memorandum from the officer who field tested the green leafy substance, the DHO found Petitioner guilty of the charge and issued a detailed written decision

---

[3]   Mejia was seen sitting in a chair touching two wires together while Bissacco was holding the toilet paper to be ignited.

to that effect.

**<u>Discussion</u>**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), <u>Telford v. Hepting</u>, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002).

The United States Supreme Court in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. <u>Wolff</u> noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." <u>Id</u>. at 556. Nonetheless, the United States Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. <u>Id</u>. at 563-71.

A subsequent United States Supreme Court decision, <u>Sandin v. Conner</u>, 515

U.S. 472, 480-84 (1995), reiterated that the due process safeguards set forth in

Wolff must be provided when the challenged disciplinary proceeding results in a

loss of good time credits.  See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir.

1991) (a federal prisoner has a constitutionally protected liberty interest in good

time credit); Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992).   Since Petitioner

was undisputably sanctioned to a loss of good time credits which adversely

affected the duration of his ongoing federal confinement, this claim is properly

raised in a § 2241 petition.

     Wolff set forth five requirements of due process in a prison disciplinary

proceeding:  (1) the right to appear before an impartial decision-making body; (2)

twenty-four hour advance written notice of the charges; (3) an opportunity to call

witnesses and present documentary evidence, provided the presentation of such

does not threaten institutional safety or correctional goals; (4) assistance from an

inmate representative, if the charged inmate is illiterate or if complex issues are

involved; (5) a written decision by the fact finders as to the evidence relied upon

and the rationale behind their disciplinary action.  Id.  An additional procedural

requirement was set forth in Superintendent, Massachusetts Correctional Inst. at

Walpole v. Hill, 472 U.S. 445, 453-56 (1985).  In that case, the United States

Supreme Court held that there must be some evidence which supports the

conclusion of the disciplinary tribunal.

There is no present assertion that Mejia was not afforded with the amount of advance written notice required under <u>Wolff</u>.  Moreover, a copy of  presiding DHO Todd Cerney's written report indicates that Petitioner was served with the misconduct on the evening of January 28, 2012 and the disciplinary hearing was not held until February 9, 2012.  <u>See</u>  Doc. 8-1, Attachments C & H.

Second, there is no claim by Petitioner that he requested, but was denied the opportunity to be provided with a staff representative.  On the contrary, the undisputed record provides that when offered the option of having staff representation, Petitioner accepted.  <u>See</u> <u>id</u>. At Attachment F.  Thereafter, Correctional Counselor C. Snyder appeared on Petitioner's behalf.

Petitioner also does not assert that he was denied the opportunity to call witnesses or, submit supporting documents as contemplated under <u>Wolff</u>.  It is undisputed that Petitioner's request to call Inmate Bissacco as a witness was granted.  Bissacco testified that had he solely possessed the pipe without Petitioner's knowledge and threw the pipe on the desk when the correctional officer entered the housing cube.

 Furthermore, Petitioner also gave his own testimony, denying ownership of the contraband and stating that per a request from Bissacco he was simply

assisting his cell mate in lighting a piece of paper and was not aware that Bissacco

was in possession of a pipe or marijuana.  In addition, Petitioner submitted written

statements from both he and Bissacco.  Since there are no contentions that

Petitioner was denied permission to call any additional witnesses or submit other

documentary evidence, those <u>Wolff</u> due process requirements were likewise

satisfied.

    <u>Wolff</u> further directs that the factfinder in a prison disciplinary proceeding

must be impartial and issue a written decision describing the evidence relied upon

and stating the rationale behind any decision.  There is no claim raised by Mejia

that the presiding DHO was biased.   It is also undisputed that the DHO Cerney

issued a detailed written decision explaining the reasoning underlying the finding

of guilt.  <u>See id</u>. at Attachment F.   Pursuant to the above discussion, it is apparent

that Petitioner was afforded all mandated due process <u>Wolff</u> protections.

    In regards to the claim that DHO Cerney's finding of guilt was not

sufficiently supported by the evidence as required by <u>Hill</u>, a federal court has no

duty to independently weigh the evidence, but only to see that there was some

evidence or basis in fact to support the finding of guilt.  <u>Hensley v. Wilson</u>, 850

F.2d 264 (6th Cir. 1988).  The findings in a disciplinary hearing are not arbitrary or

capricious if there exists a basis in fact to support a disciplinary hearing officer's

findings.  Edwards v. White, 501 F. Supp. 8 (M.D. Pa. 1979).

Mejia does not dispute that a search of his living area produced a drug paraphernalia and a small amount of marijuana.  Petitioner is not disputing the existence of the contraband.  Rather, he is only disputing ownership of the contraband.  Under the doctrine of constructive possession, a federal inmate can be held accountable for contraband discovered in his living area.  See  Rivera-Lebron v. Rectenwald, 2012 WL 5421338 * 6  (M.D. Pa. Nov. 6, 2012)(Mariani, J.)("regardless of where contraband is found in a cell, and regardless of whether other inmates also occupy the cell, an inmate may be held responsible for possession of contraband under the doctrine of constructive possession such that sufficient evidence would exist to support a DHO's finding of guilt of possession of contraband");  Gebba v. Holt, 2007 WL 1893721 * 3  (M.D. Pa. 2007)(Jones J.); Vega v. Williamson, 2005 WL 3117677 * 3  (M.D. Pa. 2005)(Kosik, J.).   A submitted copy of the written report prepared by DHO Cerney describes the two prisoners as being cellmates.  See Doc. 8-1, Attachment F, p. 25.  A written statement by Petitioner likewise identifies Bissacco as being his "celly."  Id. at Attachment G, p. 28 .

Based upon a review of the undisputed record, especially the DHO's written decision, it is the determination of this Court that the Hill requirement that DHO

8

Cerney's determination be supported by some evidence was satisfied.  This petition simply does not assert that this is the type of a case where the record was so devoid of evidence that the findings by the DHO were without support or otherwise arbitrary.  On the contrary, it is undisputed that Petitioner and his cellmate Bissacco were seen acting together in an attempt to light a piece of toilet paper.  Further observation lead to the discovery of a homemade pipe containing marijuana on a desk in their cell.  Given those undisputed facts, there is simply no basis for a claim that the DHO's decision was not adequately supported by some evidence as required under <u>Hill</u>.  As stated by the DHO's report, "[t]he physical proximity of the inmates, fire lighting, and marijuana filled pipe was believed to show culpability (constructive possession) ."  Doc. 8-1, Attachment F, p. 25.

Since there was some evidence, including Petitioner's own admissions, to support the finding of constructive possession, the disciplinary proceeding challenged herein was conducted in a manner which satisfied the required procedural safeguards and did not violate Mejia's federal due process rights.   The petition for writ of habeas corpus will be denied.  An appropriate Order will enter.

BY THE COURT:

  s/Matthew W. Brann
Matthew W. Brann
United States District Judge

9